[No. 6165.]

CAMPBELL V. THE PEOPLE.

1. **Husband and Wife—Failure to Support Wife—Statutory Construction—Repeal by Implication.**

   Section 3021, Mills' (Rev.) Stats., providing for the punishment of a man "who neglects to provide proper food, clothing, shelter or care in case of sickness, for his wife or minor child," does not by implication repeal 3 Mills' (Rev.) Stats., 1412a, providing for the punishment of a man who "willfully neglects, fails, or refuses to provide reasonable support and maintenance for his wife or minor children."—P. 230.

2. **Same—Prosecution—Sufficiency of Information.**

   An information under 3 Mills' (Rev.) Stats., § 3021b, alleging that defendant "did willfully fail, refuse and neglect to provide proper food, clothing and shelter and care in case of sickness for his wife," is fatally defective, in that it fails to allege that defendant's wife was sick at the time it is charged he failed to provide for her.—P. 231.

*Error to the County Court of the City and County of Denver.*
*Hon. Ben B. Lindsey, Judge.*

George Campbell, having been convicted of a misdemeanor, brings error.          *Reversed.*

Decision *en banc.* Mr. JUSTICE CAMPBELL dissenting.

Mr. A. C. PATTON and Mr. PAUL CLARK, for plaintiff in error.

Mr. WM. H. DICKSON, attorney general, Mr. S. H. THOMPSON, and Mr. GEO. D. TALBOT, assistants attorney general, for the people.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The information, omitting the formal portions thereof, charges that the defendant "then and there unlawfully did willfully fail, refuse and neglect to provide proper food, clothing and shelter, and care in case of sickness, for his wife." The defendant, having been convicted, brings the case here for review by writ of error.

The prosecution proceeded under the statute found at page 822 of Mills' (Rev.) Stats. This statute provides that any person who willfully fails, refuses or neglects to provide proper food, clothing, shelter or care in case of sickness, for his wife or minor child, shall, upon conviction, be deemed guilty of a misdemeanor and punished by imprisonment in the county jail for not more than ninety days nor less than thirty days. This statute was passed in the year 1903, and, although it contains no repealing clause, it is urged by the attorney general that it was intended to, and did, supersede the statute on the same subject passed in the year 1893 (Session Laws of 1893, 126), which provides that:

"It shall be unlawful for any man residing in this state to willfully neglect, fail or refuse to provide reasonable support and maintenance for his wife or minor children; and any person guilty of such neglect, failure or refusal * * * shall be committed to the county jail for the period of not more than sixty days."

We are of opinion that it was not the intention of the legislature that the law of 1903 should be substituted for the law of 1893, but that it was intended that the law of 1893 should stand as a declaration of the duty of the husband to maintain his wife and minor children when they are in good health, and that an additional duty was cast upon him, in case of their sickness, by the statute of 1903. The attorney general's contention is that the statute means that "in the case of the willful failure, refusal or neglect of a husband to do any one of these things —to provide proper food, to provide proper clothing, to provide proper shelter, to a wife, sick or well, or should he fail in case of sickness to provide proper care"—he is punishable under the law of 1903. It is unquestionably true that a husband violates the statute when he fails to make such provision for his wife that she may have proper food, clothing and shelter, whether she be sick or well, but we are of opinion that the legislature did not intend to limit the husband's duty to the furnishing of proper food, clothing and shelter, whether sick or well, and in addition to these, care in case of sickness, but that it was intended that he should support and maintain his wife and minor children in a condition commensurate with his means, and that when they become sick he should see to it that they have proper food, clothing, shelter and care. "Support and maintenance," words found in the law of 1893, are of much broader import than "food, clothing and shelter," found in the law of 1903, and may include many things besides food and clothing and shelter. Construed as applying to the duty of the husband when the wife is sick, the words of the statute of 1903 are properly connected, and it seems to have been the intention of the legislature to require the husband, whatever provision he may have made for his

wife and minor children while they were well, that he furnish, not money, with which they may provide for their own comfort, but in the case of their sickness that he must, at his peril, provide them with proper food, clothing, shelter and care.

This defendant, by proper motions before and after trial, raised the questions here presented. He was prosecuted under the wrong statute, and the information was fatally defective in that it fails to allege that his wife was sick at the time it is charged he failed to provide for her.

The judgment must be reversed. *Reversed.*

Decision *en banc.* Mr. JUSTICE CAMPBELL dissents.